# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06mj99 |
| vs. | **DETENTION ORDER** |
| JOSHUA IVERSON, | |
| Defendant. | |

This matter came on for hearing on July 17, 2006, pursuant to 18 U.S.C. § 3142(f), to determine whether the Government was entitled to a detention hearing. Assistant U.S. Attorney Forde Fairchild appeared on behalf of the plaintiff (the "Government"). The defendant Joshua Iverson appeared in person with his attorney, Matthew Metzgar. Iverson offered the testimony of his grandmother, Delores J. Koehler. Two exhibits were admitted into evidence, to-wit: Gov't Ex. 1 – the Probable Cause Affidavit in support of the criminal complaint in this case, and Def. Ex. A – a Petition for Appointment Guardian (Voluntary) signed by Iverson.

Iverson is charged with mailing a threatening communication in violation of 18 U.S.C. § 876(c). Specifically, after Iverson's application for disability insurance benefits was denied, Iverson mailed a threatening letter to a Disability Determination Services employee, stating he would like to kill her. When Iverson was questioned about the matter by officers, he stated he would have killed the DDS employee if she had not been in another city. He told officers about bomb-making materials in his possession, and discussed his desire to kill Mexicans because they have taken all the available jobs. The evidence indicates Iverson also has threatened to kill his grandmother, and has refused on occasion to take medications prescribed by his doctors.

The court found Iverson's behavior constituted a serious risk that Iverson would "threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness," as provided in 18 U.S.C. § 3142(f)(2)(B), and therefore, the court held a detention hearing pursuant to 18 U.S.C. § 3142, to determine whether any condition or combination of conditions of release would reasonably assure the appearance of Iverson as required and the safety of any other person and the community.

The evidence indicates Iverson has a serious mental disorder, apparently resulting from a brain injury. Although his grandmother is willing to allow Iverson to live with her if he is released, the court notes Iverson committed the acts underlying the complaint while he was living with his grandmother, with whom he has lived throughout most of his life. His grandmother's love and concern apparently have not acted as a deterrent in the past, and the court has no confidence Iverson would comply with conditions of release in the future.

On the evidence of record, the court finds there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community, and therefore orders as follows:

1. Iverson is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Iverson reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Iverson to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Iverson must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 17th day of July, 2006.

*[signature]*

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT